■ FLORA TACCHINO, Respondent, v DONALD TACCHINO, Appellant.—Order and judgment, Supreme Court, Bronx County, entered September 11, 1974 and September 16, 1974, respectively, which, *inter alia,* fixed alimony arrears in the sum of $1,360, modified, on the law and the facts, to provide for alimony arrears in the sum of $880 as of the date of entry of said judgment, and as so modified, affirmed, without costs and without disbursements. The counsel fees awarded plaintiff shall cover the services rendered on this appeal. Defendant Donald Tacchino by notice of motion dated April 24, 1975, returnable May 9, 1975, moved for an order granting reargument as to our prior decision affirming the said order and judgment appealed from. The basis averred for seeking reargument is that the alimony arrears as of the date of entry of the Supreme Court judgment totaled $880 rather than $1,360 as provided for in said judgment. The plaintiff did not oppose this application and scrutiny of the record as well as papers submitted in connection with the proposed orders submitted in settlement, impelled the conclusion that reargument must be granted. Accordingly, we granted reargument and upon such reargument have recalled our prior decision. The order and judgment appealed from are modified as above indicated. Concur—Markewich, J. P., Lupiano, Lane and Lynch, JJ. Kupferman, J., dissents in part in the following memorandum: Kupferman, J. (dissenting in part). I dissent only from that portion of the determination which denies costs to the successful plaintiff-respondent and denies her further counsel fees for this appeal. The defendant is well and gainfully employed as a Lieutenant in the New York City Fire Department. In 1971, he entered into a separation agreement with his wife to pay her $40 a week alimony. He thereafter obtained a conversion judgment of divorce which provided for the $40 per week payment, and which support provision was incorporated in but did not merge in the judgment of divorce. He thereafter remarried and has a child by his second wife. He asks that the alimony payment be reduced to $20 per week because of his economic circumstances. This court has affirmed the denial of the husband's motion for modification, and it granted the motion of the plaintiff for judgment as to substantial arrears, in which I concur. However, by denying additional counsel fees and costs, it invites frivolous appeals. The recent agreement made by a party competent to enter into such agreement for the payment of alimony, which is tax deductible to that party, and where the amount to be paid is minimal, shows no reasonable basis for an appeal, and costs should be assessed. Further, counsel for the plaintiff in the very nature of the motion involved, and especially with reference to calculation of the arrears, was put to unnecessary expenditure of time and ought to be compensated.